UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BUFKIN,

        Plaintiff,

v.                                       Case No. 1:06-cv-93

COMMISSIONER OF SOCIAL         HON. ROBERT HOLMES BELL
SECURITY,

        Defendant.

                                            /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss for lack of jurisdiction (docket no. 5).

Plaintiff has filed a form complaint seeking judicial review of an adverse decision of the Commissioner with respect to his application for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. *See* Declaration of Howard Kelly attached to defendant's motion. Defendant contends that plaintiff's complaint should be dismissed because he did not exhaust his administrative remedies and did not obtain a judicially reviewable "final decision." *Id.* at 5.

Defendant has moved to dismiss plaintiff's complaint for lack of jurisdiction under 42 U.S.C. § 405(g). Presumably, defendant is proceeding pursuant to Fed. Rules Civ. Proc. 12(b)(1) (lack of jurisdiction over the subject matter). "A Rule 12(b)(1) motion can either attack the claim

of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any <u>final decision of the Commissioner made after a hearing to which he was a party</u> . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).

Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). While § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in § 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and, (4) Appeals Council review. *See* 20 C.F.R. § 1400(a) (1)-(4). When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court." *See* § 1400(a)(5). Thus, two elements are necessary to enable a federal district court to review decisions of the Commissioner pursuant to § 405(g): the Commissioner must issue a final decision and the claimant must exhaust his administrative remedies. *Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991). Neither element is present in this case.

Howard Kelly is identified as the acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration.[1] In his declaration, Mr. Kelly states that he is responsible for the processing of claims under Title XVI of the Social Security Act whenever a civil action has been filed in the State of Michigan. Mr. Kelly further states that:

> The official file maintained in by the Office of Hearings and Appeals relating to the claim of the plaintiff, TIMOTHY BUFKIN, under Title XVI of the Social Security Act, is presently within my custody and has been examined under my supervision. To the best of my knowledge and belief said file shows that:
>
> (a) Our computer records do not indicate that the plaintiff ever received a hearing decision; filed a request for review; nor do they indicate that he has ever received an action from the Appeals Council.

Declaration of Howard Kelly at 2. Plaintiff does not dispute the facts as set forth in Mr. Kelly's declaration.

There is no evidence that plaintiff obtained a final decision or exhausted his administrative remedies. *See Pohlmeyer*, 939 F.2d at 320. Based on this record, the court lacks jurisdiction to review plaintiff's complaint pursuant to § 405(g). Accordingly, defendant's motion to dismiss should be granted.

---

[1] Mr. Kelly's declaration is erroneously titled, "Declaration of Earnest Baskerville Court Case Preparation and Review Branch 3 Office of Hearings and Appeals Social Security Administration."

**Recommendation**

I respectfully recommend that defendant's motion to dismiss for lack of jurisdiction (docket no. 5) be **GRANTED**.


Dated: July 21, 2006              /s/ Hugh W. Brenneman, Jr.
                                  Hugh W. Brenneman, Jr.
                                  United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).